# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| **INGRID PETERSON,** | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-cv-00075 JWS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| **WILLIAM S. MORRIS IV,** *et al.,* | ) | [Re: Motion at Docket 43] |
| | ) | |
| Defendants. | ) | |
| | ) | |

At docket 43, plaintiff Ingrid Peterson has filed a document titled "Motion to Compel Documents and Information." Ms. Peterson is representing herself and evidently has little or no familiarity with the Federal Rules of Civil Procedure and this court's local civil rules. However, the fact that Ms. Peterson is proceeding *pro se* does not relieve her of the duty to comply with the rules.[1]

Motions to compel discovery are authorized by Fed. R. Civ. P. 37. As explained in that rule, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery."[2] This court's local rules further explain that the conference must be reflected in a Good Faith Certificate, which shows that the movant and the opposing party have conferred "in person, or if they are not located in the same city, then by

---

[1] *See, Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (ordinary pro se litigant, like other litigants, must comply strictly with summary judgment rule).

[2] Fed. R. Civ. P. 37(a)(1).

telephone."[3] The failure to provide certification of a good faith attempt to confer renders the motion defective. On this basis alone, the motion must be denied. It may be added that the substance of the motion probably lacks merit. It does not refer to any discovery requests, such as requests for production of documents or interrogatories that were earlier served and not timely answered, nor does it explain in an intelligible way what shortcoming there may be in defendants' Rule 26 disclosures. Rather, the memorandum supporting the motion is a rambling discourse not anchored in the discovery rules which are the touchstone for deciding motions to compel.

For the reasons above, the motion at docket 43 is DENIED.

DATED at Anchorage, Alaska, this 11th day of August 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[3]D.Ak. LR 37.1(a).