UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| INGRID PETERSON, | ) | |
| Plaintiff, | ) ) | 3:11-cv-00075 JWS |
| vs. | ) ) | ORDER AND OPINION |
| WILLIAM S. MORRIS IV, *et al.*, | ) ) | [Re: Motion at Docket 53] |
| Defendants. | ) ) ) | |

At docket 53, pro se plaintiff Ingrid Peterson requests the assigned judge to recuse from this action pursuant to 28 U.S.C. § 455. Peterson has filed a supporting memorandum at docket 54. She contends that the actions of the assigned judge on the record in a June 28, 2011, teleconference establish that the judge's impartiality might reasonably be questioned rendering recusal necessary under § 455.

A United States judge is under an affirmative duty to recuse, "in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The judge, however, "has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'" *Clemens v. U.S. Dist. Court for the Central Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation omitted). The standard is whether a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens*,

428 F.3d at 1178. This "reasonable person" means "a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Id.*

A judge must also recuse in cases where the judge "has a personal bias or prejudice concerning a party or personal knowledge concerning the proceeding." 28 U.S.C. § 455(b)(1). A litigant seeking to disqualify a judge must establish that the judge's bias or prejudice reflects an obvious inability to fairly preside over a proceeding. *See, e.g., Liteky v. United States*, 510 U.S. 540, 551-52 (1994). This generally requires that the alleged bias or prejudice arise from an extrajudicial source. *Clemens*, 428 F.3d at 1178 (citations omitted). The Supreme Court has recognized that past "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Recusal motions brought pursuant to 28 U.S.C. § 455 should be decided by the judge whose recusal is sought. *Clemens*, 428 F.3d at 1178. In deciding whether recusal is required, the judge need not accept as true the allegations advanced by the moving party. *Id.* at 1178-1179.

Ms. Peterson's request for recusal is based on the colloquy between the court, Ms. Perterson, and defense counsel on the record during the June 28, 2011 teleconference. That teleconference was held at the request of Ms. Peterson for the purpose of establishing a pre-trial schedule for this case. *See,* Order at docket 24. Following the teleconference, the court issued an ordinary pre-trial scheduling order. *See* Planning and Scheduling Order at docket 30.

Ms. Peterson's first complaint is that the court offered defendants, but not plaintiff, an opportunity to have the case tried before a magistrate judge. Whether the court inquired first of Ms. Peterson or defense counsel on this topic is of no moment.

The point Ms. Peterson fails to appreciate is that a civil case may be tried to a magistrate judge rather than a district judge only if the parties consent. See 28 U.S.C. § 636(c)(1). Once any party indicates that he or she will not consent to trial before a magistrate judge, there is no reason to pursue the matter with another party, because one party's consent alone is not enough to permit the case to proceed before a magistrate judge.

Ms. Peterson's second complaint is that the court ignored her statement that she might need expert witnesses. The court's understanding was that neither side stated that expert witnesses would necessarily be required. Drawing on its own experience the court thought this defamation case is of a type where an expert would likely not be needed (in contrast, for example, with a personal injury case where medical experts are needed to testify concerning the extent of a victim's physical injuries and the victim's prognosis, or with a medical malpractice case where an expert is needed to establish the standard of care). Thus, the order at docket 30 indicates that there is no indication that experts will be used. If either party later finds that an expert is actually needed, that party could seek to have the scheduling order amended.

The third ground is based on Ms. Peterson's belief that by identifying witnesses who might have negative testimony about Ms. Peterson possibly relevant to the extent of damages she suffered, defense counsel was putting her in danger from those persons. The court noted that defendants have a duty to disclose the names of persons whom they think may have relevant evidence. See Fed. R. Civ. P. 26 (a)(1). There is nothing about the court's action which was improper.

The fourth ground is related to the third, in that Ms. Peterson complains about the testimony that might come from the people who have a negative view of her. It is Ms. Peterson's view that because she disagrees with the views held by such people the court should not allow their testimony. However, as the court explained, if relevant testimonial evidence is offered, a witnesses' sworn testimony (*i.e.*, "their word") is an adequate foundation for reception of the testimony into evidence. It then becomes incumbent on the party who believes the witness is testifying falsely to establish that proposition through cross-examination.

The fifth and final ground advanced is based on the fact that the court encouraged plaintiff to carefully consider the information offered by defense counsel regarding the corporate relationships of entities who may be responsible for the publication of the material Ms. Peterson considers to be defamatory. The court essentially made the entirely reasonable suggestion that a party who lacks first hand knowledge to carefully consider the information provided by counsel for parties who are in a position to know the facts about the interrelationship of various corporate entities. The court itself has no knowledge of the facts and did not intimate otherwise.

In summary, the motion is based entirely on routine actions taken by the court on the record at a telephonic scheduling conference. Knowledge of those actions would not cause a reasonable person to question the impartiality of the assigned judge. Accordingly, the motion at docket 53 is **DENIED**.

DATED this 25th day of August 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE