UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| **INGRID PETERSON,** | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-cv-00075 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| **WILLIAM S. MORRIS IV,** | ) | [Re:   Motion at Docket 56] |
| | ) | |
| Defendant. | ) | |
| | ) | |

At docket 56 plaintiff Ingrid Peterson moves for an order remanding this case to state court.  The motion has been briefed and is ripe for decision.  This case was removed to this court on the grounds that the action could have been filed in this court on the basis of diversity of citizenship jurisdiction.[1]  Ms. Peterson's motion is primarily based on two propositions.  First, she has attempted to amend her complaint to reduce the damages sought so that the amount is less than the threshold required for diversity jurisdiction.  Second, she contends that she has sued the Homer News, an entity which is a citizen of the State of Alaska for purposes of diversity jurisdiction.

Plaintiff's original and amended state court complaints sought damages of at least $200,000, well above the jurisdictional threshold.[2]  She has not filed a timely amended complaint in this court seeking less than $200,000, so the amount in dispute

---

[1] 28 U.S.C. § 1332 gives district courts jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs.

[2] Doc. 1-1 ¶ 10 and doc. 1-2 ¶ 13.

remains well above the diversity jurisdiction threshold.  Ms. Peterson's first argument lacks merit.

In her original state court complaint, Ms. Peterson did not name the Homer News as a defendant.  In her amended state court complaint she named the Homer News as a defendant in the body of the complaint,[3] as well as individual defendants Lori Evans and Michael Armstrong.[4]  In connection with earlier motion practice, the court dismissed Ms. Peterson's claims against Ms. Evans and Mr. Armstrong because, as plaintiff conceded, they were not sued until after the statute of limitations had run, and because the court found that under Alaska law the amended state court complaint did not relate back to the date of the original.  The basis for that decision was that Ms. Peterson knew the identity of those defendants before the statute ran, but did not sue them until after it had run.[5]  That decision is now the law of the case.  Applying that law to the question of Ms. Peterson's claim against the Homer News, it is clear that the statute of limitation has run vis-vis her claim against the Homer News.  She necessarily knew of the Homer News involvement when she filed her original complaint, because the article which she claims is defamatory was published in the Homer News.  Indeed, a copy of the article showing the Homer News title is attached as an exhibit to the original state court complaint.  Thus, Ms. Peterson's claim against the Homer News does not relate back to the date of her original state court complaint.  It follows that the Homer News is not a defendant in this action.  Without the Homer News as a party, there is complete diversity of citizenship, and the requirements for diversity of citizenship jurisdiction are met.

Ms. Peterson also asks for remand on the grounds the removal notice was in error because it cited 28 U.S.C. § 1442(b), rather than 28 U.S.C. § 1441(a).  However, even if meritorious, this argument relates to a defect in the removal, other than an actual lack of subject matter jurisdiction.  A request to remand based on such a technical

---

[3] Doc. 1-2 at ¶ 6.

[4] *Id.* at ¶¶ 4, 5.

[5] Doc. 45 at pp. 6-7.

defect must be made within 30 days from the filing of the notice of removal.[6]  The present motion was filed long after the expiration of the 30-day period.

For the reasons above, the court finds no merit in the motion to remand.  The motion at docket 56 is **DENIED**.

DATED this 30th day of September 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[6] 28 U.S.C. § 1447(c).